■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR CLEVELAND, Appellant.—Judgment, Supreme Court, Bronx County, rendered December 6, 1973, convicting the defendant, upon a jury verdict, of murder and possession of a weapon as a felony, and sentencing defendant to concurrent terms of 20 years to life on the murder charge and an indeterminate period not to exceed seven years on the weapons charge, unanimously reversed, on the law, the facts and in the interest of justice, and a new trial directed. This matter was previously considered by this court upon the appeal by the codefendant, Larry Boone, wherein it was held that the prosecution's failure to make available certain crucial exculpatory information to the defendant mandated reversal and a new trial. *(People v Boone,* 49 AD2d 559.)* Accordingly, upon the authority of the *Boone* case *(supra),* and upon the consent of the District Attorney, the judgment herein is reversed and a new trial ordered. Concur—Markewich, J. P., Kupferman, Tilzer, Capozzoli and Nunez, JJ.

■ DELFINA FIGUEROA, Plaintiff, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION et al., Appellants, and EMPIRE MUTUAL INSURANCE COMPANY, Respondent.—Order and judgment (one paper), Supreme Court, Bronx County, entered October 4, 1973, unanimously affirmed. Respondent shall recover of appellants $60 costs and disbursements of this appeal. The court (without jury) correctly decided, on the law and the facts, that the defendant insurance company had properly canceled the insurance policy and complied with the statutory requirements for proper notice, mailing and filing. Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Nunez, JJ.

■ In the Matter of the ARBITRATION BETWEEN SONY CORPORATION OF AMERICA, Respondent, and BERNARD L. SANDREW, Appellant.—Judgment, Supreme Court, New York County, entered March 13, 1974, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. During the arbitration the petitioner Sony timely objected to the consideration of the improper elements of damage. The subsequent award exceeded the arbitrators' authority under the contract. Concur—Markewich, J. P., Murphy, Lupiano, Tilzer and Lane, JJ.

■ In the Matter of ARTHUR W. BAILY, an Attorney.—Motion for reargument or to defer effective date of suspension granted only insofar as to extend the effective date of suspension to November 3, 1975. Concur—Markewich, J. P., Murphy, Capozzoli, Lane and Nunez, JJ.

■ STATE DIVISION OF HUMAN RIGHTS v COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al.—Motion, insofar as it seeks reargument, denied. Motion, insofar as it seeks leave to appeal to the Court of Appeals granted and this court, pursuant to CPLR 5713, states that questions of law have arisen which ought to be reviewed by the Court of Appeals. Motion, insofar as it seeks a stay pending the hearing and determination of the appeal, is granted. Concur—Stevens, P. J., Kupferman, Murphy, Tilzer and Capozzoli, JJ.